**KELLEY DRYE & WARREN LLP**
Becca J. Wahlquist (State Bar No. 215948)
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 547-4900
Facsimile: (213) 547-4901
BWahlquist@kelleydrye.com

Attorneys for Defendant
Crocs, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CROCS, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. '22CV1842 BEN MDD<br><br>**NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of San Diego, Case No. 37-2022-00042517-CU-MT-CTL]<br><br>Action Filed:       October 21, 2022<br>Complaint Served: October 26, 2022<br>Removal Date:     November 22, 2022 |

Case No.
NOTICE OF REMOVAL

1 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2 | PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Crocs, Inc. ("Crocs") hereby removes the above-captioned putative class action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). In support of removal, Crocs states the following:

1. On October 21, 2022, Plaintiff Miguel Esparza ("Plaintiff") filed a putative class action complaint against Crocs in the Superior Court of California, County of San Diego, captioned *Miguel Esparza v. Crocs, Inc. and Does 1-10*, Case No. 37-2022-00042517-CU-MT-CTL (the "State Court Action").

2. A copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the "Complaint").

3. The Complaint alleges that Crocs's website, https://www.crocs.com (the "Website"), "secretly wiretaps the private conversations of everyone who communicates through the chat feature" on the Website. Plaintiff further alleges that Crocs "allows at least one third party to eavesdrop on such communications in real time and during transmission to harvest data for financial gain." Plaintiff alleges that this activity "violated the California Invasion of Privacy Act ("CIPA"), in numerous ways." (*See* Compl. Section I.) Specifically, Plaintiff is alleging that Crocs violated CIPA Sections 631 and 632.7. (*Id.* ¶¶ 33, 41.)

4. Plaintiff purports to bring the claims on behalf of a California class of persons, with the following proposed membership:

> All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.

(*Id.* ¶ 22.)

5.   Plaintiff believes the number of Class Members to be "in the thousands, if not more." (*Id.* ¶ 23.)

6.   Plaintiff asserts that Plaintiff and each Class Member is entitled to statutory damages of at least $5,000 per violation, plus injunctive relief, punitive damages, and attorneys' fees and costs.

7.   On October 26, 2022, Plaintiff served the Complaint and Summons on Crocs. The time for Crocs to answer or otherwise plead in the State Court Action has not expired.

8.   This Notice of Removal is filed within the time prescribed under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

9.   This Court has subject matter jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA").

10.   Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), this Court has original jurisdiction over this action because: (1) this is a class action where the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5,000,000.

11.   "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).

**This Is a "Class Action" With More Than 100 Putative Class Members**

12.   This action meets CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or

1 more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13. The putative class Plaintiff seeks to represent includes more than 100 members; indeed, Plaintiff alleges that he "believes the number to be in the thousands, if not more." (Compl. ¶ 23.)

**There Is Minimal Diversity of Citizenship**

14. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

15. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that he "a citizen of California residing in San Diego County." (Compl. ¶ 4.) Crocs is informed and believes that Plaintiff is a citizen of California.

16. Further, all Class Members would be citizens of California. (*Id.* ¶ 22.)

17. For CAFA removal purposes, a corporation is domiciled (1) in the state in which it is incorporated, and (2) the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is defined as the corporation's headquarters, "provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Here, Crocs was incorporated in Delaware, (Compl. ¶ 5), and its headquarters is located in Broomfield, Colorado.

18. Crocs is, therefore, a citizen of Delaware and a citizen of Colorado for purposes of CAFA and is therefore diverse from Plaintiff and all Class Members.

**The Alleged Amount in Controversy Exceeds $5,000,000**

19. The amount in controversy requirement under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in

controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

20. The bar for establishing the amount in controversy is low—the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89.

21. Crocs denies the validity and merit of Plaintiff's claim, the legal theories upon which it is based, and that Plaintiff and the putative classes are entitled to any alleged claim for monetary or other relief. Solely for the purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims alleged on behalf of the putative classes establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

22. Plaintiff seeks to represent a putative class he estimates to be in the thousands, and seeks at least $5,000 in statutory damages for each Class Member for each alleged violation—it would take only a fraction of this membership (1,000 members) in the putative class to put $5,000,000 of statutory damages in play.

23. Crocs agrees that at least 1,000 Californians visited the Website during the class period.

24. When a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

25. Moreover, Plaintiff seeks injunctive relief, attorneys' fees, and punitive damages in this putative class action Complaint, and each of those also adds to the amount in controversy. *See In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("[T]he potential cost to the defendant of complying with the injunction . . . represents the amount in controversy for jurisdictional purposes."); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir.

2018) (noting that the amount in controversy includes all reasonable attorneys' fees not merely through the date of removal, but through resolution of the action); *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-TEH, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (applying "conservative" 1:1 ratio for punitive damages as allowed under the CLRA to hold that the federal court had jurisdiction under CAFA).

26. Crocs denies that Plaintiff is entitled to any punitive or other damages whatsoever, or to injunctive relief or attorneys' fees, but even a conservative one-to-one ratio for putative damages would further elevate the amount in controversy well above the $5,000,000 CAFA statutory minimum.

## **REMOVAL IS PROCEDURALLY PROPER**

27. Removal is timely because Crocs filed this notice within thirty days of Plaintiff's October 26, 2022 service of the Complaint on Crocs. *See* 28 U.S.C. § 1446(b)(1).

28. Removal to this Court is proper because the United States District Court for the Southern District of California embraces the location where the State Court Action was commenced and is pending—San Diego, California. *See* 28 U.S.C. §§ 89(b), 1441(a).

29. Crocs submits with this notice a copy of all process, pleadings, and orders served upon it in this action as **Exhibit B**. *See* 28 U.S.C. § 1446(a).

30. Crocs will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

31. Crocs will promptly file a copy of this notice of removal with the Clerk of the Superior Court of the State of California in and for the County of San Diego in accordance with 28 U.S.C. § 1446(d).

## **NON-WAIVER**

32. If the Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the time within which to remove will have not begun to run, and

Crocs reserves the right to remove this action at the appropriate time. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

33.   Crocs does not waive, and expressly preserves, all objections and defenses it may have, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.

DATED: November 22. 2022

KELLEY DRYE & WARREN LLP
Becca J. Wahlquist

By:  /s/ Becca J. Wahlquist
       Becca J. Wahlquist
Attorneys for Defendant Crocs, Inc.